# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SLATTERY : | | Case Number |
|    Plaintiff : | | |
| : | | |
|    vs. : | | |
| : | | |
| BOT HOME AUTOMATION, : | | CIVIL COMPLAINT |
| INC. d/b/a RING.COM : | | |
|    & : | | |
| BERNARD MOSCIA : | | |
|    & : | | |
| ELISA LEBOUTILIER : | | JURY TRIAL DEMANDED |
|    Defendants : | | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff Michael Slattery, by and through his undersigned attorney, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants and bringing this action, and respectfully avers as follows on information and belief:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Michael Slattery, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendants for Violations of the Wiretap Act (18 U.S.C. §2510-22), Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Misappropriation of Name and Likeness, and Unauthorized Use of Name in Violation of 42 Pa. Cons. Stat. §8316.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331. This Court has personal jurisdiction over each Defendant because (a) a substantial portion of the wrongdoing alleged in this complaint took place in this state, and (b)

Defendant Bot Home Automation, Inc. d/b/a Ring.Com is authorized to do business here, has sufficient minimum contacts with this state, and/or otherwise intentionally avails itself of the markets in this State through the promotion, marketing, and sale of products and services in this State, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice. Further, this Court has supplemental jurisdiction to State and Common laws, pursuant to Title 28 USC §1367(c)(3).

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b) because Plaintiff resides in this district and because Defendants' improper conduct alleged in this Complaint occurred in, was directed from, and/or emanated from this judicial district.

### III. IDENTIFICATION OF THE PARTIES

4. Plaintiff MICHAEL SLATTERY (hereinafter referred to as "Plaintiff"), is an adult individual who is a citizen and a resident of Montgomery County, Pennsylvania.

5. Defendant BOT HOME AUTOMATION, INC. d/b/a RING.COM (hereinafter referred to as "Defendant Ring") is and was a corporation engaged in the business of selling video doorbells for homes with a principal office located at 1523 26th Street, Santa Monica, California 90404.

6. Defendant BERNARD MOSCIA (hereinafter referred to as "Defendant Moscia"), is an adult individual who is a citizen and resident of Montgomery County, Pennsylvania.

7. Defendant ELISA LEBOUTILIER (hereinafter referred to as "Defendant Leboutilier"), is an adult individual who is a citizen and resident of Montgomery County, Pennsylvania.

## IV.     FACTUAL ALLEGATIONS

8.      On or about October 10, 2015, Plaintiff, a Police Officer, was dispatched to the home of Defendants Moscia and Leboutilier in response to a security company reporting an alarm activation at the property.

9.      After Plaintiff arrived at the home of Defendants, Defendants intercepted and recorded oral communications between Plaintiff and Defendant Moscia, as well as videos of the Plaintiff, using a device they purchased from Defendant Ring.

10.     Defendants knew or reasonably should have known that they had an obligation to safeguard and protect the disclosure of the intercepted and recorded communications and videos between Plaintiff and Defendant Moscia

11.     Defendants never obtained Plaintiff's consent before intercepting, recording and/or publishing such oral communications and videos.

12.     Defendants Moscia and Leboutilier intentionally disclosed these intercepted and recorded oral communications between Plaintiff and Defendant Moscia, as well as the videos Defendants obtained of Plaintiff, to Defendant Ring, knowing that these communications and videos were obtained without the Plaintiff's consent.

13.     The recorded oral communications and videos were subsequently edited and published onto Defendant Ring's website after the same were distributed by Defendants Moscia and Leboutilier to Defendant Ring.

14.     In or around 2016, the videos were also published onto Defendant Ring's You Tube page.

15. As of the date of the filing of this Complaint, the videos of Plaintiff and the oral communications between Plaintiff and Defendant Moscia have been accessed on Defendant Ring's You Tube more than 7,500 times since it was published.

16. Defendants were not authorized to intercept the oral communications between Plaintiff and Defendant Moscia, nor were they authorized to intercept video footage of Plaintiff.

17. Defendants were not authorized to publish the oral communications between Plaintiff and Defendant Mosica, nor were they authorized to publish the video footage of Plaintiff.

18. Defendants appropriated the name, likenesses and identity of Plaintiff for a commercial purpose.

19. Any individual familiar with Plaintiff would immediately recognize him in the videos as the videos clearly present Plaintiff's voice, face, stature, police officer badge, and police department.

20. Plaintiff never consented to the use or appropriation of his name, likenesses or identity and no permission of any kind was ever obtained by Defendants.

21. Plaintiff is outraged that his name, likeness and identity were used for commercial purposes without permission and due compensation.

22. Defendants have derived and continue to derive advantage and/or benefit from the unauthorized use of Plaintiff's likeness, name, and identity.

23. Defendants intend to realize financial benefit by their unauthorized use of Plaintiff's name, image, and likeness.

24. Defendants have actual knowledge that they are using Plaintiff's name, likeness, and identity without any right, license, or permission.

25. Defendants' conduct was illegal insomuch as it violated the Wiretap Act and 42 Pa. Cons. Stat. §8316.

26. In early 2017, Plaintiff discovered that Defendants had posted on their website and their You Tube website page the intercepted oral communications between Plaintiff and Defendant Moscia, as well as the videos Defendants obtained of Plaintiff when he was advised of such by a colleague.

27. On or about January 18, 2017, Plaintiff's Sergeant had contact with one "Jeremy Churak," an employee of Defendant Ring, requesting that the video be removed from Defendant Ring's website.

28. "Jeremy Churak," an employee of Defendant Ring, informed Plaintiff's Sergeant that the video would be removed.

29. However, the video remained available on Defendant Ring's website and You Tube page.

30. On or about January 31, 2017, Plaintiff's Chief of Police contacted Defendant Ring concerning the video of Plaintiff that was still posted on Defendant Ring's website.

31. In this communication, Plaintiff's Chief of Police advised Defendant Ring that the video was posted without the authorization of the police department or the Plaintiff and posed a safety concern for the Plaintiff.

32. On or about the same day, "James Siminoff," an employee of Defendant Ring, assured Plaintiff's employer that the video would be timely removed.

33. On or about February 9, 2017, Plaintiff's Chief of Police again contacted Defendant Ring concerning the video of Plaintiff that was still posted on Defendant Ring's website and again asking that the video be removed.

34. As of the date of the filing of this Complaint, the intercepted videos and oral communications still have not been removed from Defendant Ring's You Tube page.

35. Defendant's conduct has directly impacted Plaintiff's ability to conduct undercover operations, as his police department routinely performs, out of fear of being identified and the likelihood of criminal retaliation against Plaintiff and/or his family.

36. Further, being identified as a police officer by criminal elements has made and continues to make Plaintiff fearful of being in public with his family and has thereby caused Plaintiff to refrain from ordinary activities and family events.

37. Defendants' interception, disclosure, and use of the communications between Plaintiff and Defendant Mosica and the videos of Plaintiff have damaged Plaintiff insomuch as Plaintiff has suffered and continues to suffer great pain and suffering, mental distress, mental trauma, fear, anxiety, functional impairment in occupational settings, anger, and emotional and psychological distress as well as mental anguish.

## Count I - Violations of the Wiretap Act (18 U.S.C. §2510-22)

38. Plaintiff incorporates in this Cause of Action the allegations of paragraphs 1 through 37, above.

39. Plaintiff is informed and believes, on the basis of that knowledge, that Defendants intercepted, caused to be intercepted, or induced some other person to intercept oral communications between Plaintiff and Defendant Moscia as well as video footage of Plaintiff.

40. Plaintiff is informed and believes, on the basis of that knowledge, that Defendants intentionally disclosed, or endeavored to disclose these intercepted and recorded oral communications and videos, knowing that these oral communications were obtained through unauthorized interception.

41. Defendants were not authorized to intercept and record these oral communications and videos, to cause them to be intercepted, or to induce some other person to intercept them.

42. Defendants' interception, recording, disclosure, and use of these oral communications and videos damaged Plaintiff.

43. Monetary damages alone would not afford adequate or complete relief to Plaintiff.

WHEREFORE, Plaintiff seeks damages, in an amount unknown at this time, but pursuant to 18 U.S.C. §2520, et. seq. Plaintiff also seeks punitive damages and reasonable attorney's fees. To the extent that Defendants continue to violate the law, Plaintiff seeks injunctive relief prohibiting Defendants from intercepting, causing to be intercepted, or causing others to intercept these communications and videos, for any purpose. To the extent that Defendants possess copies of the information and/or communications that were intercepted, Plaintiff seeks injunctive relief: (1) requiring Defendants to turn over any and all such information and/or communications that they have in their possession or control; and (2) prohibiting Defendants from using such information, communications, and videos for any purpose.

### Count II – Intentional Infliction of Emotional Distress

44. Plaintiff incorporates in this Cause of Action the allegations of paragraphs 1 through 43, above.

45. The conduct of the Defendants, individually and jointly, constitutes the intentional infliction of emotional distress.

46. After receiving numerous demands to remove the unauthorized videos, Defendant Ring, without any concern for the well-being of the Plaintiff or the damages the videos continued to cause, took many weeks to remove the videos from their website and as of the filing of this Complaint have yet to remove the videos from their You Tube page.

47. All Defendants' conduct was grossly reckless and beyond the bounds of conduct tolerated in a civilized society.

48. As a result of all Defendants' knowingly, intentionally, willfully, maliciously, wantonly, grossly negligent, recklessly and deliberately indifferent concerted conduct, Plaintiff has suffered and continues to suffer great pain and suffering, emotional and psychological distress as well as mental anguish.

WHEREFORE, Plaintiff demands judgment against all Defendants for compensatory damages and punitive damages.

### Count III – Negligent Infliction of Emotional Distress

49. Plaintiff incorporates in this Cause of Action the allegations of paragraphs 1 through 48, above.

50. Defendants had a duty to exercise reasonable and ordinary care in the interception and recording of oral communications with persons like Plaintiff as well as the editing and production of these videos for commercial exploitation and financial gain.

51. Defendants knew or reasonably should have known that they had an obligation to safeguard and protect Plaintiff's privacy and/or obtain Plaintiff's consent before publishing such videos and communications.

52. After receiving numerous demands to remove the unauthorized videos, Defendant Ring, without any concern for the well-being of the Plaintiff or the damages the videos continued to cause, took many weeks to remove the videos from their website and as of the filing of this Complaint have yet to remove the videos from their You Tube page.

53. Defendants knew, or through the exercise of ordinary and reasonable care, should have known, that Plaintiff and police officers in general are highly likely to value privacy.

54. Defendants had a duty to take reasonable precautions to protect Plaintiff's rights.

55. Despite having this knowledge, Defendants violated Plaintiff's rights as described herein.

56. Defendants breached their duty to take reasonable precautions to protect Plaintiff's rights.

57. As a direct and proximate result of Defendants' breach of the aforementioned duties, Plaintiff sustained pain and suffering, mental distress, mental trauma, shock, fear, anxiety, involuntary and intrusive memories, fear of travel, functional impairment in occupational settings, and anger.

58. The actions of the Defendants as alleged herein were outrageous, intentional, malicious and/or conducted with reckless indifference to Plaintiff's rights, thereby justifying an award of punitive damages to be imposed against Defendants.

WHEREFORE, Plaintiff Michael Slattery prays that judgment be entered in his favor and against Defendants, jointly and severally as follows: (a) awarding actual and compensatory damages; (b) awarding punitive damages, where appropriate; (c) awarding interest, costs of suit, and such other and further relief to which she may be justly entitled.

**Count IV – Misappropriation of Name and Likeness, Restatement (Second) Torts, § 652(c)**

59. Plaintiff incorporates in this Cause of Action the allegations of paragraphs 1 through 58, above.

60. Defendants appropriated the name, likenesses and identity of Plaintiff.

61. Any individual familiar with Plaintiff would immediately identify him as the man depicted in the video.

62. Defendants appropriated the name, likenesses and identity of Plaintiff for a commercial purpose and commercial gain.

63. Plaintiff never consented to the use or appropriation of his name, likenesses or identity and no permission of any kind was ever obtained by Defendants.

64. Plaintiff is outraged that his name, likeness and identity were used for commercial purposes without permission and due compensation.

65. With no authorization whatsoever from Plaintiff, Defendants misappropriated Plaintiff and utilized him in Defendants' videos without compensation or credit to Plaintiff.

66. At no point did Plaintiff authorize the use and exploitation of his likeness, identity, or name by Defendants without Plaintiffs' continuing control, credit, and appropriate compensation.

WHEREFORE, Plaintiff demands the entry of judgment in his favor and against Defendants, injunctive relief in the form of an Order requiring Defendant to cease and desist from using Plaintiff's name, likeness, and identity, actual damages, reasonable attorney's fees, and such other relief as the Court deems just.

**Count V- Unauthorized Use of Name in Violation of 42 Pa. Cons. Stat. §8316**

67. Plaintiff incorporates in this Cause of Action the allegations of paragraphs 1 through 66, above.

68. 42 Pa. Cons. Stat. §8316 provides, in pertinent part:

> Any natural person whose name or likeness has commercial value and is used for any commercial or advertising purpose without the written consent of such person … may bring an action to enjoin such unauthorized use and to recover damages for any loss or injury sustained by such use.

69. Plaintiff's name, image and likeness have commercial value.

70. Defendants have derived and continue to derive advantage and/or benefit from the unauthorized use of Plaintiff's name, identity, and likeness.

71. Defendants unlawfully used and misappropriated Plaintiff's name, identity, and likeness, without his consent, for the commercial purpose of promoting Defendant Ring.

72. Defendants intend to realize, intended to realize, and realized financial benefit by their unauthorized use of Plaintiff's name, identity, and likeness.

73. As a result of Defendants' unauthorized use of Plaintiff's name, identity, and likeness, Plaintiff has sustained loss and injury.

74. Additionally, Defendants have actual knowledge that they are using Plaintiff's name without any right, license, or permission in connection with Defendant Ring's promotion. Accordingly, Defendants knowingly misappropriated Plaintiff's name, identity, and likeness.

75. Plaintiff thus seeks damages for all injuries, damages and losses resulting from Defendants' misappropriation of his name, identity, and likeness.

76. Plaintiff also seeks injunctive relief in the form of an Order requiring Defendants to cease and desist from using Plaintiff's name, identity, and likeness.

WHEREFORE, Plaintiff demands the entry of judgment in his favor and against Defendants, injunctive relief in the form of an Order requiring Defendants to cease and desist from using Plaintiff's name, identity, and likeness, compensatory damages, punitive damages, reasonable attorney's fees, and such other relief as the Court deems just.

## V. PRAYER FOR RELIEF

Plaintiff hereby demands a jury trial as to all issues herein. Plaintiff prays for the following relief:

1. A declaration that Defendants' actions, as described herein, violate the claims outlined above;

2. Disgorgement or restitution by Defendant Ring of all revenue earned from the fraudulent and unlawful practices described herein;

3. Damages, in an amount unknown at this time, but, pursuant to 18 U.S.C. §2520(c)(2), the greater of: (1) Plaintiff's actual damages as a result of Defendants' wrongful interception, disclosure, and use of Plaintiff's communications, according to proof at trial or (2) $10,000, whichever is greater;

4. An award of restitution against Defendant Ring for all money to which Plaintiff is entitled in equity;

5. Injunctive relief prohibiting Defendants from intercepting, causing to be intercepted, or causing others to intercept these communications and videos, for any purpose;

6. Injunctive relief: (1) requiring Defendants to turn over any and all such information and/or communications that they have in their possession or control; and (2) prohibiting Defendants from using such information, communications, and videos for any purpose;

7. Statutory damages;

8. Compensatory damages;

9. Punitive damages;

10. Actual damages;

11. Reasonable attorney's fees and costs of suit; and

12. Such other and further relief to which he may be justly entitled.

## VI. JURY TRIAL DEMANDED

Plaintiff demand a trial by jury of all issues triable.

Dated: February 28, 2017               Respectfully submitted,

                                       */s/ Brent F. Vullings*
                                       Brent F. Vullings, Esq.
                                       Vullings Law Group, LLC
                                       3953 Ridge Pike Suite 102
                                       Collegeville, PA 19426
                                       Tel: 610-489-6060
                                       Fax: 610-489-1997
                                       *Attorney for Plaintiff*
                                       *Michael Slattery*